1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED

2012 AUG 24   AM 8: 33

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE G. SKELLEY; JOHN P. SKELLEY,<br><br>                                 Plaintiffs,<br><br>        vs.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>                                 Defendants. | CASE NO. 12-CV-1796 BEN (MDD)<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**<br><br>[Docket No. 5] |

Presently before the Court is Plaintiffs' Motion for Preliminary Injunction.  (Docket No. 5.) For the reasons stated below, the Motion is **DENIED**.

## BACKGROUND

In July 2005, Plaintiffs Annette and John Skelley obtained a mortgage loan for $454,000, secured by a Deed of Trust on real property located at 1215 Highbluff Avenue, San Marcos, California 92078 (the "Property"). (Compl. ¶ 22, Exh. A.)  The Deed of Trust lists Home Capital Funding as the lender, Lawyers Title as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary.  (*See id.*)  On August 19, 2011, MERS, as beneficiary, assigned all beneficial interest under the Deed of Trust to U.S. Bank National Association for the Benefit of the Certificate Holders Credit Suisse First Boston Mortgage Securities Corp., Adjustable Rate Mortgage Trust 2005-10, Adjustable Rate Mortgage Backed Pass-Through Certificates, Series 2005-10 ("U.S. Bank").  (*Id.* ¶ 23, Exh. A.)

After Plaintiffs failed to make their loan payment in October 2010, ReconTrust, acting as agent

- 1 -

12CV1796

1  for the beneficiary, recorded a Notice of Default on August 23, 2011.  (*Id.* ¶ 24.)  ReconTrust was

2  substituted in as Trustee on August 23, 2011, and it recorded a Notice of Trustee's Sale on November

3  29, 2011.  (*Id.* ¶ 25; Def. RJN, Exh. A.[1])

4      Plaintiffs filed the present action on July 20, 2012.  Plaintiffs allege that various deficiencies

5  existed in the securitization of the loan and the execution of the Assignment of Deed of Trust was

6  faulty, meaning that the non-judicial foreclosure proceedings are unlawful.  Specifically, Plaintiffs

7  allege that the Deed of Trust and Note were not properly transferred to an unnamed trust according to

8  the terms of a Pooling and Servicing Agreement ("PSA") (*id.* ¶¶ 26-28, 30-32), that MERS could not

9  have assigned an interest in the Deed of Trust (*id.* ¶¶ 35-41), and that the Assignment of Deed of Trust

10  and the Notice of Trustee's Sale are defective (*id.* ¶¶ 42-54, 55-62).  The Complaint alleges eight

11  claims: (1) declaratory relief; (2) negligence; (3) quasi-contract; (4) violation of the Real Estate

12  Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605; (5) violation of the Fair Debt Collection

13  Practices Act ("FDCPA"), 15 U.S.C. § 1692; (6) violation of California Business and Professions

14  Code Section 17200 *et seq.*; (7) accounting; and (8) injunctive relief.

15      Presently before the Court is Plaintiffs' Motion for Injunctive Relief.  Plaintiffs seek to enjoin

16  the trustee's sale, scheduled for August 27, 2012.

17                                        **DISCUSSION**

18      "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the

19  merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance

20  of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Res.*

21  *Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

22  **I.      LIKELIHOOD OF SUCCESS ON THE MERITS**

23      The Court will first consider the likelihood of success on the merits.  The likelihood of success

24  of each claim will be addressed in turn.

25  ///

26  ///

27

28      [1] Defendants' Request for Judicial Notice (Docket No. 10) is **GRANTED**.  *See* FED. R. EVID.
201(b).

## A.   Claim 1: Declaratory Relief

In the first claim, Plaintiffs request the Court to "declare the actual rights and obligations of the parties and make a determination as to whether [Defendants'] claim against Plaintiffs[] is enforceable." (Compl. ¶ 93.) Although Plaintiffs admit that they owe money on their mortgage obligation, they dispute who the holder in due course of the Note is, claiming that no entity has the right to collect payments or to foreclose on the Property. (*Id.* ¶ 34.)

According to the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). "Courts need not grant declaratory relief if doing so is not necessary or proper under the circumstances." *Farmer v. Countrywide Fin. Corp.*, No. 08-1075, 2009 WL 1530973, at *8 (C.D. Cal. May 18, 2009). To allege an actual controversy, a plaintiff must "allege specific facts," not "conclusory, unwarranted deductions of fact." *Derakhshan v. Mortg. Elec. Registration Sys., Inc.*, No. 08-1185, 2009 WL 3346780, at *8 (C.D. Cal. Oct. 13, 2009).

First, Plaintiffs cannot challenge Defendants' authority to foreclose on the Property. "California's nonjudicial foreclosure scheme is set forth in Civil Code sections 2924 through 2924k, which provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust." *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1154 (4th Dist. 2011) (internal quotation marks omitted). "These provisions cover every aspect of exercise of the power of sale contained in a deed of trust." *I.E. Assocs. v. Safeco Title Ins. Co.*, 39 Cal. 3d 281, 285 (1985). "Because of the exhaustive nature of this scheme, California appellate courts have refused to read any additional requirements into the non-judicial foreclosure statute." *Lane v. Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1098 (E.D. Cal. 2010).

By seeking a determination whether Defendants may properly initiate foreclosure, Plaintiffs are "attempting to interject the courts into this comprehensive nonjudicial scheme." *See Gomes*, 192 Cal. App. 4th at 1154. However, "[n]othing in the statutory provisions establishing the nonjudicial foreclosure process suggests that such a judicial proceeding is permitted or contemplated." *Id.* Thus, Plaintiffs are improperly attempting to make Defendants demonstrate their right to foreclose. *See*

1  *Wilson v. Wells Fargo Bank*, No. C 11-03394, 2011 U.S. Dist. LEXIS 86611, at *6 (N.D. Cal. Aug.

2  5, 2011) ("The declaratory relief . . . claim[] assume[s] incorrectly that a lender must prove ownership

3  in a court of law prior to foreclosure.").

4         Second, Plaintiffs do not have standing to challenge the securitization process, because they

5  are not parties to the Pooling and Servicing Agreements ("PSA").  Plaintiffs allege that Defendants

6  did not properly adhere to their own policies and PSA when securitizing their loan, therefore rendering

7  Defendants' interest in the debt moot. (Compl. ¶ 27-32, Exh. A.)  Because Plaintiffs are not a party

8  to any alleged PSA, however, they "lack[] standing to challenge the process by which [their] mortgage

9  was (or was not) securitized." *Junger v. Bank of Am., N.A.*, No. 11-10419, 2012 WL 603262, at *3

10  (C.D. Cal. Feb. 24, 2012); *Bascos v. Fed. Home Loan Mortg. Corp.*, No. 11-3968, 2011 WL 3157063,

11  at *6 (C.D. Cal. July 22, 2011) (holding that the plaintiff "has no standing to challenge the validity of

12  the securitization of the loan as he is not an investor of the loan trust").

13         In addition, Plaintiffs do not allege that any other entities are attempting to enforce the debt.

14  Any alleged harm that Plaintiffs may suffer because "multiple parties may seek to enforce their debt

15  obligation against them" is speculative. (Compl. ¶ 33.)  "[D]amages which are speculative, remote,

16  imaginary, contingent or merely possible cannot serve as a legal basis for recovery." *Navellier v.*

17  *Sletten*, 262 F.3d 923, 939 (9th Cir. 2001).

18         Third, Plaintiffs' challenge to the validity of the Assignment of Deed of Trust is unlikely to

19  succeed.  Plaintiffs challenge the assignment of interest from MERS to U.S. Bank by alleging that

20  MERS did not have the authority to assign any interest, and that the assignment was not signed by a

21  signatory with proper authority.  (Compl. ¶¶ 35-41.)  Although Plaintiffs summarily allege that T.

22  Sevillano was not an assistant secretary of MERS and therefore lacked the authority to assign the Deed

23  of Trust to U.S. Bank on behalf of MERS (*Id.* ¶ 42), they do not offer any facts in support of this

24  conclusory allegation.  Such conclusory allegations regarding authority are not enough to successfully

25  state a claim challenging the foreclosure of the Property.

26         In addition, Plaintiffs allege that MERS does not have the authority to assign a beneficial

27  interest in the Note based on MERS's membership rules.  (*Id.* ¶ 40.)  On the contrary, Plaintiffs

28  executed the Deed of Trust, which expressly gives MERS "beneficiary" status and the right to convey

- 4 -

1     any interest in the Note and Deed of Trust. (*Id.*, Exh. A.) "[C]ourts in California have universally held

2     that MERS, as nominee beneficiary, has the power to assign its interest under a deed of trust."

3     *Herrera v. Fed. Nat'l Mortg. Ass'n*, 205 Cal. App. 4th 1495, 1498 (4th Dist. 2012).

4          Fourth, Plaintiffs' challenge to ReconTrust's authority to record a Notice of Trustee's Sale or

5     conduct the Trustee's Sale of the Property is unlikely to succeed on the merits. Plaintiffs allege that

6     ReconTrust does not have the right to record a Notice of Trustee's Sale or conduct the Trustee's Sale

7     of the Property. (Compl. ¶¶ 55-62.) On the contrary, a Substitution of Trustee was recorded on

8     August 23, 2011, substituting ReconTrust as the trustee in place of Lawyers Title. (Def. RJN, Exh.

9     A.) Accordingly, Plaintiffs are unlikely to succeed on the merits of their first claim.

10            **B.    Claim 2: Negligence**

11          Plaintiffs' second claim for negligence alleges that Bank of America owed several legal duties

12     to Plaintiffs, including "a duty to exercise reasonable care and skill to follow California Law."

13     (Compl. ¶ 97.)

14          To state a claim for negligence, a plaintiff must allege: (1) the defendant owed a duty of care

15     to the plaintiff; (2) the duty was breached; (3) the breach was the proximate or legal cause of a

16     resulting injury; and (4) injury to the plaintiff. *U.S. Liab. Ins. Co. v. Haidinger-Hayes, Inc.*, 1 Cal. 3d

17     586, 594 (1970). Generally, a lending institution does not owe any duty of care to a borrower where

18     the institution's involvement in the loan transaction does not exceed the scope of its conventional role

19     as a lender of money. *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095-96 (3d

20     Dist. 1991). The same is true for the servicing entity of a loan, trustees under deeds of trust, and

21     nominal beneficiaries. *Castaneda v. Saxon Mortg. Servs., Inc.*, 687 F. Supp. 2d 1191, 1198 (E.D. Cal.

22     2009).

23          Here, the law does not impose a duty of care on Bank of America or ReconTrust. In addition,

24     Plaintiffs do not allege any special relationship between the parties that would impose a duty of care.

25     Because Plaintiffs have failed to allege that Defendants owed a duty of care to Plaintiffs, they are

26     unlikely to succeed on the merits of their second claim.

27     ///

28     ///

### C.    Claim 3: Quasi-Contract

In the third claim for quasi-contract, Plaintiffs allege that Bank of America "knowingly accepted payments and retained them for its own use know[ing] that [Bank of America] did not acquire an interest in Plaintiff[s'] Note, such that they could accept or keep plaintiff[s'] payments." (Compl. ¶ 103.)

A claim for quantum meruit or quasi-contractual recovery is based on the equitable theory that a contract to pay for services rendered is implied by law for reasons of justice. 1 WITKIN, SUMMARY OF CALIFORNIA LAW, CONTRACTS §§ 12, 112 (9th ed. 1987). However, there is no equitable basis for quasi-contract when the parties have an actual agreement covering compensation. *See Willman v. Gustafson*, 63 Cal. App. 2d 830, 832-33 (1st Dist. 1944). Here, Plaintiffs' claim fails because there is a contract between the parties—the Note and the Deed of Trust.

In addition, Plaintiffs allege that a "presently unknown entity" paid their debt for them. (Compl. ¶ 104.) However, the sale or assignment of a debt does not alter the debtor's responsibility to pay. *Lane v. Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010); *Logvinov v. Wells Fargo Bank*, No. 11-4772, 2011 WL 6140995, at *3 (N.D. Cal. Dec. 9, 2011); *Canales v. Fed. Home Loan Mortg. Corp.*, No. 11-2819, 2011 WL 3320478 (C.D. Cal. Aug. 1, 2011). Plaintiffs do not allege that Defendants were unjustly enriched by any double payments, nor do they allege any valid basis to avoid their obligations under the loan documents. Accordingly, Plaintiffs are unlikely to succeed on the merits of their third claim.

### D.    Claim 4: Violation of RESPA

In the fourth claim for violation of RESPA, 12 U.S.C. § 2605, Plaintiffs allege that Bank of America failed to fully respond to Plaintiffs' "Notice of Adequate Assurance of Due Performance." (Compl. ¶¶ 105-06.)

According to § 2605(e)(1)(A), "If any servicer of a federally related mortgage loan receives a *qualified written request* from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days . . . unless the action requested is taken within such period." 12 U.S.C. § 2605(e)(1)(A) (emphasis added). A proper Qualified Written Request must include "a

1  statement of the reasons for the belief of the borrower . . . that the account is in error or provide[]

2  sufficient detail to the servicer regarding other information sought by the borrower."  12 U.S.C.

3  § 2605(e)(1)(B); *see also Walker v. Equity 1 Lenders Grp.*, No. 09-325, 2009 WL 1364430, at *4-5

4  (S.D. Cal. May 14, 2009).

5      Here, Plaintiff's "Notice of Adequate Assurance of Due Performance" is in fact a request that

6  Bank of America sign an affidavit attesting that "the original Alleged Lender used their own money

7  to purchase the Alleged Borrower's promissory note." (Compl., Exh. B.)  This does not qualify as a

8  Qualified Written Request, as required by § 2605.  Accordingly, Plaintiffs are unlikely to succeed on

9  the merits of their fourth claim.

10      **E.    Claim 5: Violation of the FDCPA**

11      In the fifth claim for violation of the FDCPA, Plaintiffs allege that Defendants had no right to

12  collect under the Note and the Deed of Trust. (*Id.* ¶ 112.)

13      The FDCPA "imposes civil liability on 'debt collectors' for certain prohibited debt collection

14  practices." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1606 (2010)

15  (internal alteration omitted).  To state a claim for violation of the FDCPA, a plaintiff must allege: (1)

16  the plaintiff has "been the object of collection activity arising from a consumer debt"; (2) "the

17  defendant collecting the 'debt' is a 'debt collector'"; (3) and "the defendant has engaged in any act or

18  omission in violation of the prohibitions or requirements of the Act." *Uyeda v. J.A. Cambece Law

19  Office, P.C., J.A.*, No. 04-4312, 2005 WL 1168421, at *3 (N.D. Cal. May 16, 2005) (citing 15 U.S.C.

20  §§ 1692a, 1692k).  In the context of the FDCPA, a "debt collector" is "any person who uses any

21  instrumentality of interstate commerce or the mails in any business the principal purpose of which is

22  the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts

23  owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

24      Here, Plaintiffs fail to demonstrate that Defendants are debt collectors. A "debt collector" does

25  not include an individual who collects or attempts to collect a debt "to the extent such activity . . .

26  concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C.

27  § 1692a(6)(F).  Under this exception, "creditors, mortgagors and mortgage servicing companies are

28  not 'debt collectors' and are exempt from liability under the [FDCPA]." *Caballero v. Ocwen Loan*

1   *Servicing*, No. C-09-01021, 2009 WL 1528128, at *1 (N.D. Cal. May 29, 2009). Plaintiffs do not

2   allege facts suggesting that Defendants fall within the statutory definition of a "debt collector." *See*

3   *Ines v. Countrywide Home Loans, Inc.*, No. 08-1267, 2008 WL 4791863, at *3 (S.D. Cal. Nov. 3,

4   2008) (granting motion to dismiss where complaint failed to allege sufficient facts to support

5   allegation that defendants were debt collectors). Accordingly, Plaintiffs are unlikely to succeed on the

6   merits of their fifth claim.

7                   **F.    Claim 6: Violation of Section 17200**

8           In the sixth claim for violation of Section 17200, Plaintiffs allege that "[a]s more fully

9   described above, Defendants' acts and practices are unlawful, unfair, and fraudulent." (Compl. ¶ 117.)

10  Plaintiffs based their claim on their previous claims, as well as violation of California Civil Code

11  Section 1095, Penal Code Section 532(f)(a)(4), and "violating the Security First Rule." (*Id.* ¶¶ 115,

12  118.)

13          The Unfair Competition Law ("UCL") prohibits "unfair competition," meaning "any unlawful,

14  unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

15  CAL. BUS. & PROF. CODE § 17200. To have standing to pursue an unfair competition claim, a plaintiff

16  must allege that he "has suffered injury in fact and has lost money or property" as a result of the

17  alleged unfair practices. BUS. & PROF. CODE §§ 17204, 17535; *R&B Auto Ctr., Inc. v. Farmers Grp.,*

18  *Inc.*, 140 Cal. App. 4th 327, 360 (4th Dist. 2006).

19          To the extent that Plaintiffs claim damages in the form of mortgage payments or late fees, loan

20  payments made pursuant to a valid contract cannot support a showing of harm. *Auerbach v. Great W.*

21  *Bank*, 74 Cal. App. 4th 1172, 1182 (2d Dist. 1999). Moreover, Plaintiffs do not allege that a

22  foreclosure sale has occurred at this point in time. Accordingly, Plaintiffs are unlikely to succeed on

23  the merits of their sixth claim.

24                  **G.    Claim 7: Accounting**

25          In the seventh claim, Plaintiffs seek an accounting "to properly account for payments made by

26  Plaintiffs" to Defendants. (Compl. ¶ 128.)

27          In California, an accounting is an equitable remedy. *Batt v. City & Cnty. of S.F.*, 155 Cal. App.

28  4th 65, 82 (1st Dist. 2007). "A cause of action for an accounting requires a showing that a relationship

                                               - 8 -                                              12CV1796

1   exists between the plaintiff and defendant that requires an accounting, and that some balance is due
2   the plaintiff that can only be ascertained by an accounting." *Teselle v. McLoughlin*, 173 Cal. App. 4th
3   156, 179 (3d Dist. 2009). An accounting is dependant on a substantive basis for liability. *Glue-Fold,*
4   *Inc. v. Slautterback Corp.*, 82 Cal. App. 4th 1019, 1023 n.3 (1st Dist. 2000).

5         Here, Plaintiffs do not allege any debt was owed from any Defendant, as required for an
6   accounting. Under the Note and Deed of Trust, *Plaintiffs* are obligated to repay the loan to
7   *Defendants*, which Plaintiffs admit. (Compl. ¶ 22.) Accordingly, Plaintiffs are unlikely to succeed
8   on the merits of their seventh claim.

9                    **H.      Claim 8: Injunctive Relief**

10        In the eighth claim, Plaintiffs request injunctive relief based upon alleged violations of
11   California Civil Code Sections 2924(6), 2924.12, and 2924.17. (Compl. ¶¶ 131-34.)

12        California Civil Code Sections 2924(6), 2924.12, and 2924.17 do not exist. *See* CAL. CIV.
13   CODE § 2924 *et seq*. Furthermore, Plaintiffs have failed to successfully allege any flaws with the
14   foreclosure sale and admit that they are in default on their loan (Compl. ¶ 63), as explained above.
15   Accordingly, Plaintiffs are unlikely to succeed on the merits of their eighth claim.

16        **II.    REMAINING FACTORS**

17        Because the Court finds that Plaintiffs are unlikely to succeed on the merits, it need not address
18   the remaining factors under *Winter*.

19                           **CONCLUSION**

20        For the foregoing reasons, the Motion for Preliminary Injunction is **DENIED**.

21        **IT IS SO ORDERED.**

22

23   DATED: August 23, 2012

24                                      HON. ROGER T. BENITEZ
                                        United States District Court Judge
25

26

27

28

- 9 -