

FILED

12 DEC 17 PM 12:45

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE G. SKELLEY; JOHN P. SKELLEY,<br><br>                      Plaintiffs,<br>vs.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>                      Defendants. | CASE NO. 12-CV-1796 BEN (MDD)<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Docket No. 14] |

      Presently before the Court is Defendants' Motion to Dismiss. (Docket No. 14.) For the reasons stated below, the Motion is **GRANTED**. The fourth and fifth claims are **DISMISSED**. The remaining state law claims are **DISMISSED** because the Court declines to exercise supplemental jurisdiction over them.

## BACKGROUND

      In July 2005, Plaintiffs Annette and John Skelley obtained a mortgage loan for $454,000, secured by a Deed of Trust on real property located at 1215 Highbluff Avenue, San Marcos, California 92078 (the "Property"). (Compl. ¶ 22, Exh. A.) The Deed of Trust lists Home Capital Funding as the lender, Lawyers Title as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. (*See id.*) On August 19, 2011, MERS, as beneficiary, assigned all beneficial interest under the Deed of Trust to U.S. Bank National Association for the Benefit of the Certificate Holders Credit Suisse First Boston Mortgage Securities Corp., Adjustable Rate Mortgage Trust 2005-10, Adjustable Rate Mortgage Backed Pass-Through Certificates, Series 2005-10 ("U.S. Bank"). (*Id.*

¶ 23, Exh. A.)

After Plaintiffs failed to make their loan payment in October 2010, ReconTrust, acting as agent for the beneficiary, recorded a Notice of Default on August 23, 2011. (*Id.* ¶ 24.) ReconTrust was substituted in as Trustee on August 23, 2011, and it recorded a Notice of Trustee's Sale on November 29, 2011. (*Id.* ¶ 25; Def. RJN, Exh. A.[1])

Plaintiffs filed the present action on July 20, 2012. Plaintiffs allege that various deficiencies existed in the securitization of the loan and the execution of the Assignment of Deed of Trust was faulty, meaning that the non-judicial foreclosure proceedings are unlawful. Specifically, Plaintiffs allege that the Deed of Trust and Note were not properly transferred to an unnamed trust according to the terms of a Pooling and Servicing Agreement ("PSA") (*id.* ¶¶ 26-28, 30-32), that MERS could not have assigned an interest in the Deed of Trust (*id.* ¶¶ 35-41), and that the Assignment of Deed of Trust and the Notice of Trustee's Sale are defective (*id.* ¶¶ 42-54, 55-62). The Complaint alleges eight claims: (1) declaratory relief; (2) negligence; (3) quasi-contract; (4) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605; (5) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; (6) violation of California Business and Professions Code Section 17200 *et seq.*; (7) accounting; and (8) injunctive relief.

Presently before the Court is Defendants Bank of America, N.A.'s and ReconTrust Company, N.A.'s Motion to Dismiss.

## DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. FED. R. CIV. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring plaintiff to plead factual content that provides "more than a sheer possibility that a defendant has acted unlawfully"). Under this standard, dismissal is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which

---

[1] Defendants' Request for Judicial Notice (Docket No. 14-1) is **GRANTED**. *See* FED. R. EVID. 201(b). Plaintiffs' Request for Judicial Notice (Docket No. 16-1) is **DENIED**. See CAL. EVID. CODE 452(h); FED. R. EVID. 201(b).

1  relief may be granted.  *Twombly*, 550 U.S. at 556.

2      Defendants move to dismiss all claims.  The Court will first address the two federal claims,
3  then the remaining state law claims.

4      **I.  CLAIM 4: VIOLATION OF RESPA**

5      In the fourth claim for violation of RESPA, 12 U.S.C. § 2605, Plaintiffs allege that Bank of
6  America failed to fully respond to Plaintiffs' "Notice of Adequate Assurance of Due Performance."
7  (Compl. ¶¶ 105-06.)

8      First, Plaintiffs fail to allege that a proper Qualified Written Request was sent to Defendants.
9  According to § 2605(e)(1)(A), "If any servicer of a federally related mortgage loan receives a *qualified*
10  *written request* from the borrower (or an agent of the borrower) for information relating to the
11  servicing of such loan, the servicer shall provide a written response acknowledging receipt of the
12  correspondence within 20 days . . . unless the action requested is taken within such period." 12 U.S.C.
13  § 2605(e)(1)(A) (emphasis added).  A proper Qualified Written Request must include "a statement of
14  the reasons for the belief of the borrower . . . that the account is in error or provide[] sufficient detail
15  to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B); *see*
16  *also Walker v. Equity 1 Lenders Grp.*, No. 09-325, 2009 WL 1364430, at *4-5 (S.D. Cal. May 14,
17  2009).  In addition, § 2605 applies to requests for information relating to loan servicing, rather than
18  loan origination. *See* 12 U.S.C. § 2605(e)(1)(A). "Servicing" is defined as "receiving any scheduled
19  periodic payments from a borrower pursuant to the terms of any loan." 12 U.S.C. § 2605(i)(3).

20      Here, Plaintiffs' "Notice of Adequate Assurance of Due Performance" is in fact a request that
21  Bank of America sign an affidavit attesting that "the original Alleged Lender used their own money
22  to purchase the Alleged Borrower's promissory note." (Compl., Exh. B.)  This does not qualify as a
23  Qualified Written Request, as required by § 2605.

24      Second, Plaintiffs fail to allege that they suffered actual damages. "Whoever fails to comply
25  with any provision of [§ 2605] shall be liable to the borrower . . . [for] any actual damages to the
26  borrower as a result of the failure . . . ." 12 U.S.C. § 2605(f)(1)(A). "However, alleging a breach of
27  RESPA duties alone does not state a claim under RESPA.  Plaintiffs must, at a minimum, also allege
28  that the breach resulted in actual damages." *Swanson v. EMC Mortg. Corp.*, No. CV F-09-1507, 2009

WL 3627925, at *7 (E.D. Cal. Oct. 29, 2009) (internal quotation marks omitted).

Here, Plaintiffs claim that they overpaid on interest for their loan, suffered damage to their credit, and incurred attorneys' fees. (Compl. ¶ 108.) It is unclear, however, why Defendants' failure to respond to Plaintiffs' December 2011 Notice, sent after Plaintiffs stopped making payments on their loan, caused either damage to Plaintiffs' credit or the foreclosure. (*See id.* ¶ 24.) Accordingly, Plaintiffs have not sufficiently pled facts showing that they suffered harm as a result of Defendants' alleged failure to fully respond to Plaintiffs' notice, which is fatal to their claim. *See Benham v. Aurora Loan Servs.*, No. C-09-2059, 2009 U.S. Dist. LEXIS 91287, at *10-12 (N.D. Cal. Sept. 30, 2009). Accordingly, the fourth claim is **DISMISSED**.

## II.     CLAIM 5: VIOLATION OF THE FDCPA

In the fifth claim for violation of the FDCPA, Plaintiffs allege that Defendants had no right to collect under the Note and the Deed of Trust. (*Id.* ¶ 112.)

The FDCPA "imposes civil liability on 'debt collectors' for certain prohibited debt collection practices." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1606 (2010) (internal alteration omitted). To state a claim for violation of the FDCPA, a plaintiff must allege: (1) the plaintiff has "been the object of collection activity arising from a consumer debt"; (2) "the defendant collecting the 'debt' is a 'debt collector'"; (3) and "the defendant has engaged in any act or omission in violation of the prohibitions or requirements of the Act." *Uyeda v. J.A. Cambece Law Office, P.C., J.A.*, No. 04-4312, 2005 WL 1168421, at *3 (N.D. Cal. May 16, 2005) (citing 15 U.S.C. §§ 1692a, 1692k). In the context of the FDCPA, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Here, Plaintiffs fail to demonstrate that Defendants are debt collectors. A "debt collector" does not include an individual who collects or attempts to collect a debt "to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F). Under this exception, "creditors, mortgagors and mortgage servicing companies are not 'debt collectors' and are exempt from liability under the [FDCPA]." *Caballero v. Ocwen Loan*

*Servicing*, No. C-09-01021, 2009 WL 1528128, at *1 (N.D. Cal. May 29, 2009). Plaintiffs do not allege facts suggesting that Defendants fall within the statutory definition of a "debt collector." *See Ines v. Countrywide Home Loans, Inc.*, No. 08-1267, 2008 WL 4791863, at *3 (S.D. Cal. Nov. 3, 2008) (granting motion to dismiss where complaint failed to allege sufficient facts to support allegation that defendants were debt collectors).

Plaintiffs argue that a "mortgage servicer like Bank of America can be a debt collector under the FDCPA if the debt is in default at the time the debt obligation is acquired." (Opp. at 21.) According to Plaintiffs, Bank of America is a debt collector because it obtained servicing rights to Plaintiffs' loan in 2008, and the Notice of Default was filed on August 23, 2011. By Plaintiffs' own argument, Bank of America acquired the debt obligation before the Notice of default was filed. Plaintiffs have not plausibly alleged that Defendants are debt collectors. Accordingly, the fifth claim is **DISMISSED**.

### III. REMAINING STATE LAW CLAIMS

As discussed above, the Court dismisses the two federal claims, and the remainder of Plaintiffs' claims are state law claims. Because the Court has federal question jurisdiction over this action,[2] the Court has discretion over whether to exercise supplemental jurisdiction over the state law claims.

"[P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997) (internal quotation marks omitted). A district court may decline to exercise supplemental jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy,

---

[2] From the face of the Complaint, this court does not have diversity jurisdiction because both Plaintiff and ReconTrust are citizens of California. (*See* Compl. ¶¶ 6, 8; 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States.").)

convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Because the two federal claims have been dismissed, the Court has dismissed all claims over which it has original jurisdiction. In addition, the principles of economy, convenience, fairness, and comity weigh toward declining to exercise supplemental jurisdiction over the remaining claims, as this action is in its infancy. Accordingly, the Court declines to exercise supplemental jurisdiction over the state law claims.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss is **GRANTED**. The fourth and fifth claims are **DISMISSED**. The remaining state law claims are **DISMISSED** because the Court declines to exercise supplemental jurisdiction over them.

**IT IS SO ORDERED.**

DATED: December 17, 2012

HON. ROGER T. BENITEZ
United States District Court Judge